BOYLE v. FARMERS' LOAN & TRUST CO. (two cases).

HUNTINGTON v. SAME.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1898.)

Nos. 661, 662, 663.

RAILROADS—SALE ON FORECLOSURE—RIGHTS OF PURCHASER.

The purchaser of railroad property at foreclosure sale is not entitled to the earnings of the road after confirmation, where he has persistently delayed compliance with his bid, and has not paid the purchase money.

Appeals from the Circuit Court of the United States for the Eastern District of Texas.

No. 661.

J. A. Baker and R. S. Lovett, for appellant.

L. W. Campbell, M. F. Mott, and J. P. Blair, for appellee.

No. 662.

J. P. Blair, J. A. Baker, and R. S. Lovett, for appellant.

L. W. Campbell and M. F. Mott, for appellee.

No. 663.

J. P. Blair, for appellant.

L. W. Campbell and M. F. Mott, for appellee.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PER CURIAM. The record shows that the Pacific Improvement Company is the real party in interest represented in these several appeals, that company being the purchaser represented by Wilbur F. Boyle, and the owner of the 614 bonds, which said Boyle represents, and the owner of the Lackawanna claim set up as a lien prior to that of the first mortgage bonds; that the purchaser at the sale under the decree, and as a part of the consideration, and in addition to the sum bid, took the property upon the express condition that he would pay off and satisfy, among others, the Lackawanna claim; and that the reservation of the sum of $187,000 out of the earnings of the road to await the decision of the supreme court of the Lackawanna claim is in the direct interest of the appellants. Neither in law nor in equity is the purchaser under the foreclosure sale entitled to the earnings of the property since the decree of confirmation, because, among other things, he has persistently delayed complying with his bid. There is no merit in any of the above-entitled appeals. The effect of the appeals has been to pass the day within which the purchaser was ordered by the circuit court to comply with his bid. We notice, in the terms of the decree of foreclosure under which the sale was made, the court reserved the right to resell the property upon the failure of the

purchasers, or their successors or assigns, to comply within 20 days with the order of the court with regard to paying in the balance of the purchase price. The decree of November 12, 1897, requiring the purchaser to comply with his bid, is amended so as to insert in lieu of the 13th day of December, 1897, the 1st day of July, 1898, as the time within which the purchaser shall comply with his bid and pay in the balance of the purchase price, and, as amended, the said decree is in all respects affirmed; and the decree of November 12, 1897, denying the purchaser's right to the earnings of the railroad property since the confirmation of the sale, is also affirmed.